PEOPLE *v.* MORRIS

1. CRIMINAL LAW — RIGHT TO COUNSEL — INDIGENTS — EFFECTIVE COUNSEL.
   The right to assigned counsel of an indigent defendant does not mean counsel of his own choosing; however, an indigent defendant does have a right to effective assistance of counsel.

2. CRIMINAL LAW — REQUEST TO DISMISS COUNSEL — INEFFECTIVE COUNSEL — COURT'S DUTY.
   Trial court was obligated to look at the reasons behind the defendant's request to dismiss appointed counsel where the defendant stated that he had been notified of the trial date the night before trial, the appointed counsel stated that he had talked to his client only once, while the counsel was waiting to enter the judge's chambers on another matter, and the appointed counsel made no contribution to the defendant's trial except in response to a question from the court before final disposition.

3. CRIMINAL LAW — RIGHT TO COUNSEL — WAIVER — AFFIRMATIVE RECORD.
   A defendant may waive his right to counsel; however, it must affirmatively appear on the record that the defendant did waive counsel.

4. CRIMINAL LAW—RIGHT TO COUNSEL—INDIGENTS—STANDARD OF INDIGENCY.
   There is no absolute standard of indigency entitling a defendant to court-appointed counsel; each case must be determined on its own facts and in light of the principle that one who wants a lawyer should have one.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 6] 21 Am Jur 2d, Criminal Law §§ 318–323.
   Constitutionally protected right of indigent accused to appointment of counsel in state court prosecution.   93 ALR2d 747.
   Accused's right to counsel under the Federal Constitution—Supreme Court Cases.   18 L Ed 2d 1420.
[2, 5] 21 Am Jur 2d, Criminal Law §§ 319, 321.
[3] 21 Am Jur 2d, Criminal Law §§ 318, 319.

5. Criminal Law—Right to Counsel—Ineffective Counsel.
   The defendant was denied his constitutional right to the effective assistance of counsel at trial where the defendant stated that he had been notified of the trial date the night before trial, appointed counsel stated that he had talked to his client only once, while counsel was waiting to enter the judge's chambers on another matter, counsel revealed that he had been drinking on the day of that meeting, and appointed counsel made no contribution to the defendant's trial except in response to a question from the court before final disposition.

6. Criminal Law—Right to Counsel.
   The defendant was denied his constitutional right to the effective assistance of counsel at a hearing on his motion for a new trial where the defendant had asked the court to appoint counsel but the court, having heard that the defendant had received $200 the night before the hearing, denied the defendant court-appointed counsel.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 December 8, 1970, at Grand Rapids. (Docket No. 8180.) Decided January 26, 1971.

John Raymond Morris was convicted of selling narcotics without a license. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, and *Donald A. Johnston, III*, Chief Appellate Attorney, for the people.

*Dunn & Dunn*, for defendant on appeal.

Before: Fitzgerald, P. J., and Quinn and McIntyre,* JJ.

Per Curiam. Defendant was tried without a jury and convicted of a violation of MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On January 24, 1969, defendant was arraigned. Mr. Robert Waer, who had represented defendant at the preliminary examination, was not present. Defendant stood mute and a plea of not guilty was entered for him. At no time between the preliminary examinations and the trial did Mr. Waer appear on behalf of the defendant. Mr. Waer was also conspicuously absent during several attempts by the prosecutor to negotiate a plea.

Defendant contends that the trial court erred in not dismissing Mr. Waer and appointing counsel to represent him at trial. Defendant also contends that it was error to refuse to appoint counsel to represent him upon his motion for a new trial. When brought to trial on June 16, 1969, defendant moved to relieve Robert Waer as defense counsel, to have effective counsel appointed, and to be granted time to prepare an adequate defense. The court refused, stating Mr. Waer and defendant were notified of trial on May 7, 1969. Defendant replied that he had only been informed the previous evening, *i.e.,* June 15, 1969.

In a dialogue between Waer and the court, it was revealed that the only time Waer could recall speaking with defendant was during recess of another trial on June 5, 1969, while waiting to enter the judge's chambers on another matter. Waer made no contributions to the trial except in response to a question from the court before final disposition.

The right to assigned counsel of an indigent defendant does not mean counsel of his own choosing. See *People* v. *Edwards* (1969), 18 Mich App 526. An indigent defendant does, however, have a right to effective assistance of counsel. What constitutes this right was spelled out by this Court in *People* v. *Degraffenreid* (1969), 19 Mich App 702. Applying the principles spelled out in *Degraffenreid,* the trial court had a duty in view of the record to look at the

reasons behind defendant's request to dismiss Mr. Waer as defense counsel. Instead, the court stated, "this case is set for trial and it is going to be heard".

On August 18, 1969, defendant was returned from Jackson Prison on a writ of habeas corpus without being informed as to why he was being returned. On August 22, 1969, a hearing on defendant's motion for a new trial was heard. Defendant asked to have counsel appointed but the court, having heard that defendant had received $200 the previous evening, refused. Defendant then proceeded to question Robert Waer, his attorney. While defendant's inexperience and disadvantage in questioning were obvious, it was revealed during the course of this hearing that Waer had been drinking on the one date he could recall having a conference with defendant. Although one may waive his right to counsel, it must "affirmatively appear on the record" that defendant did so waive. *People* v. *Carson* (1969), 19 Mich App 1, 8. It is impossible to lay down absolute standards as to what constitutes indigency. Therefore, each case shall be determined in light of the principle that one who wants a lawyer shall have one, and according to its own facts. See *People* v. *Chism* (1969), 17 Mich App 196, 199. Not only shall everyone who wants a lawyer have one, but he shall have effective assistance of counsel. See *People* v. *Degraffenreid, supra.*

Under the facts and circumstances of this case as presented by the record, defendant was denied his constitutional right to effective assistance of counsel both at the June 16, 1969 trial and at the August 22, 1969 hearing. Such denial constitutes reversible error.

Reversed and remanded.