PEOPLE v GILLESPIE

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—SELECTIVE LAW ENFORCE-
MENT.

The conscious exercise of some selectivity in the enforcement of a
law is a Federal constitutional violation if it is based upon race,
religion, or some other arbitrary classification.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DISCRIMINATION—AFFIRMA-
TIVE SHOWING.

Discrimination based on race, religion, or other arbitrary classifi-
cation will not be presumed; there must be an affirmative
showing that such discrimination was clear and intentional.

3. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NEW TRIAL.

An objection going to the weight of the evidence can only be
raised by a motion for a new trial.

4. ABORTION—CONSPIRACY—EVIDENCE.

Conviction of conspiracy to commit abortion requires evidence
showing some agreement, understanding, plan, design or
scheme to commit acts which are intended to abort a preg-
nancy unlawfully.

5. JUDGMENT—EVIDENCE TO SUPPORT VERDICT.

The Court of Appeals will not disturb a judgment as not being
supported by the evidence where it is based upon the fact
determination of the credibility of witnesses and the weight to
be accorded to reasonable inferences from such testimony,
where the record contains evidence to support the verdict.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 551.
21 Am Jur 2d, Criminal Law §§ 229, 231, 582.
[2] 16 Am Jur 2d, Constitutional Law § 526 *et seq.*
[3] 58 Am Jur 2d, New Trial § 140.
[4] 16 Am Jur 2d, Conspiracy § 1.
[5] 5 Am Jur 2d, Appeal and Error § 831.
[6–8] 21 Am Jur 2d, Criminal Law §§ 318, 319.

6. CRIMINAL LAW—APPOINTMENT OF COUNSEL—INDIGENTS.

A court must appoint counsel to act on behalf of a person, charged with a crime, who is financially unable to retain his own attorney.

7. CRIMINAL LAW—APPOINTMENT OF COUNSEL—INDIGENTS.

It is reversible error not to appoint counsel where the record raises a severe doubt as to the criminal defendant's ability to pay for his own attorney, and the lack of legal representation prevented the defendant from receiving a fair trial.

DISSENT BY J. H. GILLIS, P. J.

8. CRIMINAL LAW—APPOINTMENT OF COUNSEL—INDIGENTS.

*A remand to the trial court is necessary, where the record is insufficient to indicate whether the criminal defendant was entitled to have court-appointed counsel, to determine defendant's indigency at the time request for counsel was made.*

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 May 11, 1972, at Lansing. (Docket No. 10094.) Decided July 24, 1972.

Willie Gillespie was convicted of conspiracy to commit abortion. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Richard F. Zielinski,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.

TARGONSKI, J. The appellant was convicted by a jury of conspiracy to commit abortion in violation

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of MCLA 750.14; MSA 28.204 and MCLA 750.157a; MSA 28.354(1), and sentenced to a term of three to four years imprisonment.

The appellant requested that counsel be appointed since he was unable to afford retained counsel. At a hearing in Circuit Court it was found that the appellant worked full time at the General Motors Chevrolet plant and made $3.39 per hour, or approximately $135.60 per week, or approximately $7,000 per year. However, at the time that he was arrested the appellant was on sick leave and his earnings were approximately $80 per week. The defendant was in the process of obtaining a divorce and had no children. The trial court also took notice of the fact that the appellant was out on $1,500 bond. The trial court made a determination that the defendant was not an indigent and not entitled to court-appointed counsel.

The defendant proceeded to trial *in propria persona* along with a codefendant who was represented by counsel.

The appellant's first contention in this Court is that he was deprived of his right to equal protection because the state failed to prosecute other individuals who were allegedly involved in the conspiracy.

The United States Constitution forbids the discriminatory enforcement of nondiscriminatory laws. *Yick Wo v Hopkins,* 118 US 356; 6 S Ct 1064; 30 L Ed 220 (1886). However, the conscious exercise of some selectivity in the enforcement of a law is not, in itself, a Federal constitutional violation. In order to be a violation of equal protection, the selection must be based upon race, religion, or some other arbitrary classification. *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962). This latter element of intentional or purposeful

discrimination will not be presumed. There must be an affirmative showing of clear and intentional discrimination. *Snowden v Hughes,* 321 US 1; 64 S Ct 397; 88 L Ed 497 (1943).

In the instant case, the appellant has failed to make an affirmative showing of clear and intentional discrimination but would have this Court presume such discrimination. This we will not do. Consequently, the appellant has failed to show that he had been denied equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

The appellant also contends that the verdict was against the great weight of the evidence. In the case at bar, the record does not indicate that the appellant made a motion for a new trial. As a general rule, an objection going to the weight of the evidence can only be raised by a motion for a new trial. *People v Mattison,* 26 Mich App 453, 459 (1970); *People v Jimmie Ragland,* 34 Mich App 673, 674 (1971).

However, since the appellant was without counsel, this court will review the record. Appellant's contention that the evidence at trial was insufficient to support a finding of guilty beyond a reasonable doubt cannot be sustained. Conspiracy to commit abortion required evidence showing some agreement, understanding, plan, design or scheme to commit acts which are intended to abort a pregnancy unlawfully. *People v Wellman,* 6 Mich App 573 (1967), *leave to appeal den,* 379 Mich 771 (1967).

In the case at bar, there was such a showing. Where the record contains evidence to support the verdict, this Court will not disturb a judgment based upon the fact determination of the credibility of witnesses and the weight to be accorded to

reasonable inferences from such testimony. *People v Ragan,* 15 Mich App 551 (1969); *People v Paesani,* 31 Mich App 145 (1971).

The final contention argued by the appellant in this court is that the trial court committed reversible error in denying his request for appointed counsel.

The Sixth and Fourteenth Amendments to the United States Constitution mandate that a court must appoint counsel to act on the behalf of a person, charged with a crime in a state court, who is financially unable to retain his own attorney. *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963). The State of Michigan has long recognized this principle in both statute and court rule. MCLA 775.16; MSA 28.1253 and GCR 1963, 785.3(1).

The problem that has continually plagued this Court is what criteria should be used in determining whether a defendant is financially unable to retain counsel. In *People v Morris,* 30 Mich App 169, 172 (1971), this Court formulated the following rule:

"It is impossible to lay down absolute standards as to what constitutes indigency. Therefore, each case shall be determined in light of the principle that one who wants a lawyer shall have one, and according to its own facts."

In the instant case, the appellant requested that an attorney be appointed by the court. Prior to this request, the appellant had retained counsel but since he was unable to pay for these services, counsel withdrew from the case.

Although the record indicates that the defendant was making $80 per week, a number of factors in determining indigency are vague and ambigu-

ous. The defendant admitted that he was separated from his wife and was in the process of getting a divorce. However, the record does not indicate if he was making payments to his wife under some form of temporary support order.

Also, the record is contradictory as to how many dependents the defendant actually has. The defendant admitted that he had two "grown" stepchildren but it was never affirmatively shown whether or not he contributed to their support. The report of the Genesee County Sheriff's Department, which was part of the court record, stated that the defendant had eight dependents. Finally, in a letter mailed by the defendant to the trial judge, he indicated that he was supporting small children who were with his wife.

The court clearly established his weekly income but failed to determine what legally was to be deducted. In this case, it was determined that the defendant did not own any property and, according to the record, his weekly wage was his sole means of support. Therefore, the record raises a severe doubt as to the defendant's ability to pay and we resolve these ambiguities in favor of the defendant.

Furthermore, a view of the entire trial clearly shows that lack of counsel prevented the appellant from receiving a fair trial. The record indicated that there were other witnesses that could have verified the appellant's version of the incident but they were never called or even located. Some of the evidence was in the form of expert medical testimony which identified the implements found at the scene as instruments which could be used for an abortion. The appellant obviously did not have the requisite skill or knowledge to cross-examine such a witness.

In short, counsel was not only needed to cross-examine the prosecutor's witnesses but also to adequately prepare the appellant's defense. Therefore, we find that under these circumstances it was reversible error not to appoint counsel to represent the appellant.

We reverse and remand for a new trial and order that counsel be appointed for the appellant.

T. M. Burns, J., concurred.

J. H. Gillis, P. J. *(dissenting)*. In my opinion no reversible error is shown in the record. The record, however, is insufficient to rule on the issue of whether or not the defendant was entitled to have court-appointed counsel.

I would remand the case to the trial court with instructions to conduct a hearing to determine whether or not the defendant was indigent at the time that he requested that counsel be appointed for him.