PEOPLES v BROWN

CONSTITUTIONAL LAW—TRIAL—REPRESENTATION OF COUNSEL—ATTOR-
NEYS OF RECORD—DENIAL OF REPRESENTATION—DELAY—NEGLI-
GENCE OF DEFENDANT.

A defendant was denied the constitutional right to defend a civil
suit through an attorney of her own choice where a trial court
refused to allow an attorney who appeared with her at trial to
represent the defendant because he was not at that time her
attorney of record, there was no evidence that the defendant
was seeking a delay or that her failure to retain counsel earlier
was due in any way to her negligence, and the attorney was
ready to proceed at the time that he was denied participation.

Appeal from Wayne, Myron H. Wahls, J. Sub-
mitted June 9, 1977, at Detroit. (Docket No.
23320.) Decided August 8, 1977.

Complaint by Ruth Peoples against Margaret R.
Brown, the Detroit Department of Streets and
Railways, and George Counsel seeking damages for
injuries sustained in an automobile-bus collision.
Cross-claim by defendants Counsel and the Depart-
ment of Streets and Railways against defendant
Brown. Judgment for plaintiff and for cross-claim-
ants. Defendant Brown appeals. Reversed and re-
manded.

*Louis Zaidan,* for plaintiff.

*Margaret R. Brown, in propria persona.*

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 52.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

J. H. GILLIS, P. J. On June 9, 1971, plaintiff was a passenger in a Department of Streets and Railways (DSR) bus which was involved in an accident with an automobile being driven by defendant Brown, an uninsured motorist. Plaintiff claimed injuries and filed a complaint on June 12, 1972, in Wayne County Circuit Court against defendant Brown, the bus driver and the DSR, jointly and severally. The DSR answered on behalf of itself and the bus driver and filed a cross-claim against defendant Brown.

On February 1, 1973, pursuant to § 8 of the Motor Vehicle Accident Claims Act, MCLA 257.1108; MSA 9.2808,[1] the Secretary of State by its attorneys, the Attorney General and Special Assistant Attorney General William Ellman, entered an appearance on behalf of defendant Brown. Also on February 1, 1973, Attorney Ellman filed an answer on behalf of defendant Brown.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This section provides in pertinent part:

"(1) Section 7 [authorizing applications to the fund for payment of unsatisfied judgments against uninsured motorists] does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice in writing of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) Where the secretary is served with notice in writing under this section, he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants." MCLA 257.1108; MSA 9.2808.

Attorney Ellman's name appears as defendant Brown's counsel up until the time of trial where George Tobias, another Assistant Attorney General, represented defendant Brown and the Secretary of State.

On December 23, 1974, the day set for trial, defendant Brown appeared with Mr. Anderson, an attorney, whom she requested to represent her. The trial court did not allow Attorney Anderson to represent defendant Brown during the trial.[2]

The trial proceeded resulting in an opinion by the court against defendant Brown which awarded plaintiff $3,000 and the DSR $169.62 on its cross-claim. Judgment was entered. Defendant Brown appeals as of right.

There is no record of the argument relating to the request that Attorney Anderson be permitted to represent defendant Brown. On the basis of the later arguments that developed at trial, see footnote 2, we assume that Attorney Anderson sought to represent defendant Brown at trial and apparently the trial judge refused to so allow due to the fact that he was not at that time the attorney of record. There is no explanation in the lower court record as to why defendant Brown waited until the day set for trial to retain her own attorney; however, defendant Brown states in her appellate brief that Attorney Tobias telephoned her on December 18, 1974, and told her that her trial was scheduled for December 23, 1974, that he would be replacing Attorney Ellman and that he could represent the

---

[2] Attorney Anderson did sit in during the trial and did make a motion for a directed verdict on behalf of defendant. Additionally, Attorney Anderson was invited by the court to cross-examine one witness and Attorney Anderson began to cross-examine the witness. His participation was objected to by both plaintiff and the DSR on the basis that Attorney Anderson was not the attorney of record. The court responded by prohibiting further examination but did not strike the testimony already elicited.

fund only. Defendant Brown further states that in view of that information she hired Attorney Anderson to represent her.

There is no evidence that defendant Brown was seeking a delay or that the failure to retain an attorney was due in any way to her negligence. *Cf. People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972). In fact, in view of his limited participation, it appears as though Attorney Anderson was ready to proceed. We hold that defendant Brown was denied the constitutional right to defend this suit through an attorney of her choice and we therefore reverse the trial court and remand this case for a new trial. Const 1963, art 1, § 13, MCLA 600.1430; MSA 27A.1430.

Reversed and remanded. Costs to appellant.