BUTCHER v DEPARTMENT OF NATURAL RESOURCES

Docket No. 87750. Submitted October 15, 1986, at Lansing. Decided February 12, 1987.

Richard D. Butcher, doing business as Sherrod Refuse, filed an application with the Department of Natural Resources to renew his license to operate a sanitary landfill. An administrative hearing was held on the application and resulted in the issuance of an opinion which would deny the license renewal based on testimony by two inspectors as to seven violations of law applicable to landfills which would preclude granting of the license renewal. The decision of the hearing officer was incorporated into the DNR's final decision to deny the license renewal. Butcher filed a petition for review in Ingham Circuit Court. The court, Carolyn Stell, J., denied review, holding that the DNR's decision was supported by competent and substantial evidence. Butcher appealed from the circuit court's decision to deny review.

The Court of Appeals *held:*

1. The fact that the hearing officer accepted the testimony of the witnesses supporting denial of the license renewal without explanation of why testimony favoring the appellant was less credible does not make the hearing examiner's opinion defective.

2. The fact that other landfills in the area also operated in violation of the applicable laws does not prove discrimination in the enforcement of the law against Butcher.

3. The hearing officer did not reject Butcher's evidence that no water pollution existed.

Affirmed.

1. ADMINISTRATIVE LAW — FINDINGS OF FACT — CONCLUSIONS OF LAW — APPEAL.

An administrative agency's findings of fact must provide a precise

REFERENCES

Am Jur 2d, Administrative Law §§ 539 *et seq.*.

Am Jur 2d, Appeal and Error § 834.

Am Jur 2d, Constitutional Law §§ 735 *et seq.*.

See the annotations in the Index to Annotations under Appeal and Error; Equal Protection of Law.

statement of the evidence which supports its ruling and the conclusions of law in order to facilitate appellate review (MCL 24.285; MSA 3.560[185]).

2. Appeal — Evidence — Witnesses.

It is not the function of a reviewing court to resolve conflicts in the evidence or to pass on the credibility of the witnesses.

3. Constitutional Law — Equal Protection — Selective Enforcement.

The United States Constitution forbids the discriminatory enforcement of nondiscriminatory laws and regulations, but the conscious exercise of some selectivity in the enforcement of a law or departmental regulation is not, in itself, a violation of the federal constitution; to be in violation of the constitution, the selectivity must be based upon race, religion, or some other arbitrary classification, and such discrimination will not be presumed but must be alleged and shown affirmatively (US Const, Am XIV).

*Timothy G. Holland,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Michael C. McDaniel,* Assistant Attorneys General, for respondent.

Before: Danhof, C.J., and Bronson and T. Gillespie,* JJ.

Per Curiam. An administrative hearing was held before Hearing Examiner William C. Fulkerson on February 2, 1981, on Richard D. Butcher's application to renew his license to operate a sanitary landfill known as Sherrod Refuse in Jackson Township, Barry County.

At this hearing two inspectors, Gerald Heyt of the Resource Recovery Division and Steven Essling of the Barry County Health Department, testified as to seven violations which would preclude granting of the license renewal. The violations were:

* Circuit judge, sitting on the Court of Appeals by assignment.

(1) erosion of cover from earlier filled areas,

(2) poor grading and sloping resulting in pockets of standing water,

(3) no engineering plans on file,

(4) no hydrogeologic study on file,

(5) poor or no daily cover,

(6) inadequate final cover, and

(7) uncovered refuse piled along the periphery of the site.

A conservation officer assigned to the groundwater task force, a Mr. Rumsey, testified that the landfill run by Richard Butcher was no better or no worse than twenty-five other landfills he inspected in southwestern Michigan and that daily operations at the site appeared good. Richard Butcher and his wife also testified as to the orderliness of the landfill.

The hearing examiner issued an opinion which would deny the license renewal. The director of the DNR incorporated the decision of the hearing examiner into the final decision of the department to deny the application.

The applicant, Richard Butcher, then filed a petition for review in the Ingham Circuit Court. Circuit Judge Carolyn Stell, on March 11, 1985, denied review, holding that the DNR's decision was supported by competent and substantial evidence. Appellant, Butcher, then appealed to this Court.

We affirm.

The appellant raises three issues. The first issue is whether the hearing examiner's opinion was defective in that it simply accepted the testimony of the witnesses supporting denial of the license without explanation of why testimony favoring the appellant was less credible.

The trial court found that a hearing officer must make findings of fact and draw conclusions of law

and that the Administrative Procedures Act does not require individual findings of credibility as to each witness.

We find the trial judge's opinion to be accurate in this regard. An agency's finding of fact must provide a precise statement of the evidence which supports its ruling and the conclusions of law in order to facilitate appellate review. MCL 24.285; MSA 3.560(185); *Consumers Power Co v Public Service Comm,* 78 Mich App 581, 585; 261 NW2d 10 (1977).

It is not the function of a court on review to resolve conflicts in the evidence or to pass on credibility of witnesses. *DeHart v State Bd of Registration in Podiatry,* 97 Mich App 307, 316; 293 NW2d 806 (1980).

The trial court used the proper standard of review in that it determined that the decision was authorized by law and was supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; *DeHart, supra.*

The second issue raised by the appellant is whether the law was discriminatorily enforced against him. He argues that, while he admittedly failed to perform the hydrogeological studies required by MCL 299.414(2); MSA 13.29(14)(2), approximately fifty of the perhaps one hundred landfills in Inspector Heyt's jurisdiction had never conducted hydrogeological surveys or engineering plans and that therefore the DNR was discriminatorily enforcing the law by requiring him to do so.

In *People v Gillespie,* 41 Mich App 748, 750-751; 201 NW2d 104 (1972), this Court held:

> The United States Constitution forbids the discriminatory enforcement of nondiscriminatory laws. *Yick Wo v Hopkins,* 118 US 356; 6 S Ct 1064;

30 L Ed 220 (1886). However, the conscious exercise of some selectivity in the enforcement of a law is not, in itself, a Federal constitutional violation. In order to be a violation of equal protection, the selection must be based upon race, religion, or some other arbitrary classification. *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962). This latter element of intentional or purposeful discrimination will not be presumed. There must be an affirmative showing of clear and intentional discrimination. *Snowden v Hughes,* 321 US 1; 64 S Ct 397; 88 L Ed 497 (1943).

See also *Sponick v Detroit Police Dep't,* 49 Mich App 162, 205-206; 211 NW2d 674 (1973).

We find no showing of clear and intentional discrimination. We find that the DNR has not yet achieved one hundred percent compliance with the law by landfills in that district, that by denial of this application the DNR was seeking better compliance by all landfills, and that such action did not amount to discrimination.

The last issue involves the appellant's claim that the hearing examiner rejected appellant's evidence that no water pollution existed. His evidence was that conservation officer Rumsey testified that he observed no groundwater problems on the site.

The appellant misread the hearing examiner's position. The hearing examiner found "the condition of the immediate groundwater and potential for contamination are not and cannot be known until a hydrogeologic study is done and monitoring wells are in place."

The hearing officer did not reject appellant's evidence. He found that the only evidence which would determine the question would be a hydrogeological survey which appellant had not performed.

Affirmed.

BRONSON, J., did not participate.