PEOPLE v ARQUETTE

Docket No. 152983. Submitted July 8, 1993, at Detroit. Decided
October 19, 1993, at 9:35 A.M.

Leroy E. Arquette, Jr., was convicted by a jury in the Oakland
Circuit Court, Jessica R. Cooper, J., of conspiracy to deliver
more than 650 grams of cocaine and was sentenced to a
mandatory sentence of life imprisonment. Following sentenc-
ing, he filed a declaration of indigence and requested the
appointment of counsel to appeal his conviction. He was found
to be indigent, and counsel was appointed. Before his appointed
counsel ordered the preparation of the trial transcript, his
parents retained Richard J. Amberg, Jr., to represent him on
appeal. Amberg filed a motion for a new trial, and asked the
court administrator to provide the trial transcript at public
expense. After the request for the transcript was denied, on the
basis that the defendant had a retained attorney, Amberg filed
a motion for the production of the transcript at public expense,
arguing that the defendant's parents had sufficient funds to pay
Amberg but not for the transcript. The court denied the mo-
tion, and Amberg was permitted to withdraw as counsel. Coun-
sel was then appointed and the transcript was prepared at
public expense. Amberg obtained a copy at considerably less
expense. The appointed counsel then brought a motion to
withdraw, citing a breakdown in the attorney-client relation-
ship, and Amberg submitted his appearance as retained coun-
sel. The court entered an order allowing appointed counsel to
withdraw, but denied Amberg's motion for designation as the
defendant's attorney of record and adjourned the pending
motion for a new trial. The defendant appealed by leave
granted from the order denying the designation of Amberg as
his attorney of record.

The Court of Appeals *held:*

1. The defendant was indigent throughout the proceedings,
and indigent criminal defendants are entitled to transcripts at

References
Am Jur 2d, Criminal Law §§ 743-745, 808, 978, 982, 984, 985.
See ALR Index under Attorney or Assistance of Attorney; Constitu-
tional Law; Criminal Law; Poor Persons.

public expense. The fact that the defendant's parents provided the funds to retain Amberg did not change his indigent status and, therefore, did not trigger the circuit court's general policy of denying transcripts at public expense to criminal defendants who can afford to retain attorneys. The court's general policy is valid, but this case presents an exception to the policy.

2. There is no basis for the trial court's denial of the defendant's motion for designation of Amberg as retained counsel. The record does not support the court's finding that Amberg behaved fraudulently. Amberg's decision to obtain a copy of the transcript was not contumacious conduct, and he did nothing more than zealously seek to protect the defendant's rights, and did so openly and honestly. The decision denying the motion for designation of counsel must be reversed.

Reversed.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — INDIGENCE.

Indigence is to be determined case by case by considering the defendant's financial ability, not that of friends or relatives (MCR 6.005[B]).

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — RETAINED COUNSEL.

A criminal defendant must be afforded a reasonable time to select retained counsel.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — REMOVAL OF COUNSEL.

A trial court may remove a defendant's attorney on the basis of gross incompetence, physical incapacity, or contumacious conduct.

*Vandeveer Garzia, P.C.* (by *John J. Lynch* and *Hal O. Carroll*), for Judge Jessica R. Cooper.

*Richard J. Amberg, Jr.,* for Leroy Arquette, Jr.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and GRIBBS, JJ.

PER CURIAM. Defendant, Leroy E. Arquette, Jr., appeals by leave granted from an order of the trial court denying designation of retained counsel as attorney of record. We reverse.

Defendant was convicted by a jury of conspiracy to deliver more than 650 grams of cocaine and was

sentenced to a mandatory sentence of life imprisonment. The trial court found defendant to be indigent and appointed an attorney to represent him at trial.

Following sentencing, defendant filed a declaration of indigence and requested appointment of counsel to appeal his conviction. Defendant was again found to be indigent and counsel was appointed.

Before defendant's appointed attorney ordered preparation of the trial transcript, defendant's parents retained Richard J. Amberg, Jr., to represent defendant on appeal. Amberg filed a motion for a new trial on defendant's behalf, and asked the court administrator to provide him with the transcript of defendant's trial at public expense. The court administrator refused to provide the transcript at public expense because defendant had a retained attorney.

Amberg then filed a motion for production of the transcript at public expense, arguing that defendant's parents had sufficient funds to retain an attorney but could not afford to pay approximately $3,000 for the transcript. The motion was denied, and Amberg was permitted to withdraw. Counsel was again appointed and the transcript was prepared at public expense.

After the transcript was prepared, Amberg obtained a copy. The copy cost considerably less than the initial transcript. Defendant's appointed counsel moved to withdraw as appellate counsel because of a breakdown in the attorney-client relationship. The next day, Amberg submitted his appearance as retained counsel. The trial court entered an order allowing appointed counsel to withdraw, but did not enter an order allowing another attorney.

Amberg filed a motion for designation as defen-

dant's attorney of record. Following a hearing, the circuit court found that Amberg had fraudulently withdrawn from the case with the intention of having the transcript prepared at public expense and then resubmitting his appearance. The court denied the motion and adjourned the pending motion for a new trial.

We note initially that this Court will not "lay down specific and intricate rules defining standards of indigency in each case." Indigence must be determined case by case. *People v Chism,* 17 Mich App 196, 199; 169 NW2d 192 (1969); *People v Morris,* 30 Mich App 169, 172; 186 NW2d 10 (1971). However, indigence is to be determined by consideration of the defendant's financial ability, not that of his friends and relatives. MCR 6.005(B). It is, of course, axiomatic that an indigent defendant is entitled to a transcript at public expense.

In this case, defendant was determined by the lower court to be indigent. We find it significant that defendant was declared indigent *before* attorney Amberg was retained. Defendant was denied a transcript, not because of a change in his financial condition, but because a third party offered to pay for his attorney.

There are clearly good reasons behind the circuit court's general policy denying transcripts at public expense to criminal defendants who can afford to retain attorneys. However, we find the trial court's concern, that if defendant were provided a transcript at public expense then everyone with a retained attorney would want free transcripts, to be meritless. It is undisputed that defendant was indigent throughout these proceedings, and indigent criminal defendants are entitled to transcripts at public expense. It would be a different case if defendant had retained an attorney and then declared indigence. The trial court's narrow

interpretation of the court's policy leads to the ironic result of forcing the taxpayers to provide the entire cost of an indigent's defense even if the indigent's friends or family are willing to pay part of the cost. Public policy would be better served by a case by case determination rather than an inflexible rule in this matter. Although we do not believe the circuit court's policy is itself invalid, we find that this case presents an exception. The fact that a third party provided funds to retain counsel does not change this indigent defendant's status and, therefore, does not trigger the general policy denying transcripts at public expense.

Nor do we find any basis for the trial court's denial of defendant's motion for designation of his retained counsel. As a criminal defendant, Arquette has a constitutional right to defend this action through an attorney of his choice. Const 1963, art 1, § 13; MCL 600.1430; MSA 27A.1430. *People v Humbert,* 120 Mich App 195, 197; 327 NW2d 435 (1982); *Peoples v Brown,* 77 Mich App 115, 118; 258 NW2d 66 (1977). Although substitution of appointed counsel is a matter within the sound discretion of the trial court, *People v Mack,* 190 Mich App 7, 14; 475 NW2d 830 (1991), a defendant must be afforded a reasonable time to select his own retained counsel. *People v Stinson,* 6 Mich App 648, 655; 150 NW2d 171 (1967). There was no request in this case for a continuance that would justify the trial court's refusal to designate defendant's choice of retained counsel. *Id., People v Krysztopaniec,* 170 Mich App 588, 598; 429 NW2d 828 (1988).

Removal of a defendant's attorney may also be justified by gross incompetence, physical incapacity, or contumacious conduct. *People v Crawford,* 147 Mich App 244, 249; 383 NW2d 172 (1985). However, the record does not support the trial

court's finding that attorney Amberg behaved fraudulently in this case. We do not believe Amberg's decision to obtain a copy of defendant's transcript—a public record available to anyone—can amount to "contumacious conduct." It appears from the record that Amberg did nothing more than zealously seek to protect the rights of defendant, and that he did so openly and honestly. Although we recognize that a trial court is entitled to control the proceedings in its courtroom, it is not entitled to do so at the expense of a defendant's constitutional rights. Cf. *State Bar of Michigan v Cramer*, 399 Mich 116, 134; 249 NW2d 1 (1976).

The trial court's decision denying defendant's motion for designation of counsel is reversed.

MICHAEL J. KELLY, J. I concur in the result only.