# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 5, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

159948

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TERRY LEE CEASOR,
      Defendant-Appellant.
_____/

SC: 159948
COA: 338431
St. Clair CC: 05-000220-FH

On January 7, 2021, the Court heard oral argument on the application for leave to appeal the May 23, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the defendant's conviction and sentence, and REMAND this case to the St. Clair Circuit Court for further proceedings not inconsistent with this order. By failing to request public funds for an expert based on a mistaken belief that the defendant did not qualify for those funds because he had retained counsel, counsel performed deficiently. See *Hinton v Alabama*, 571 US 263, 273 (2014) ("[I]t was unreasonable for [the defendant's lawyer] to fail to seek additional funds to hire an expert where that failure was based not on any strategic choice but on a mistaken belief that available funding was capped at $1,000."). Moreover, for the reasons set forth by the United States Court of Appeals for the Sixth Circuit in *Ceasor v Ocwieja*, 655 F Appx 263, 286 (CA 6, 2016), we conclude that the defendant can show prejudice. See *id.* ("[N]o amount of cross-examination or lay witness testimony could have rebutted Dr. Gilmer-Hill's medical opinions that these injuries were medically consistent with abuse and inconsistent with an accidental fall. Thus, we acknowledge, as the *Ackley* court did, that in many [shaken baby syndrome] cases 'where there is no victim who can provide an account, no eyewitness, no corroborative physical evidence and no apparent motive to [harm], the expert *is* the case.' "), quoting *People v Ackley*, 497 Mich 381, 397 (2015) (quotation marks and citation omitted).

      CLEMENT, J. (*concurring*).

I concur in the order reversing the Court of Appeals because I agree that counsel was ineffective. Namely, I do not believe it would have been a novel argument for

counsel to contend that defendant qualified for public funds for an expert under MCL 775.15, the statute in use at the time, when the statutory language clearly applies to him.

It is true, as Justice WELCH recounts, that "defense counsel's performance cannot be deemed deficient for failing to advance a novel legal argument." *People v Reed*, 453 Mich 685, 695 (1996). Here, counsel failed to request public funds for an expert because he believed that defendant did not qualify for those funds since he had retained his own counsel. MCL 775.15, the statute that governed requests for public funds for an expert at the time, reads:

> If any person accused of any crime or misdemeanor, and about to be tried therefor in any court of record in this state, shall make it appear to the satisfaction of the judge presiding over the court wherein such trial is to be had, by his own oath, or otherwise, that there is a material witness in his favor within the jurisdiction of the court, without whose testimony he cannot safely proceed to a trial, giving the name and place of residence of such witness, and that such accused person is poor and has not and cannot obtain the means to procure the attendance of such witness at the place of trial, the judge in his discretion may, at a time when the prosecuting officer of the county is present, make an order that a subpoena be issued from such court for such witness in his favor, and that it be served by the proper officer of the court. And it shall be the duty of such officer to serve such subpoena, and of the witness or witnesses named therein to attend the trial, and the officer serving such subpoena shall be paid therefor, and the witness therein named shall be paid for attending such trial, in the same manner as if such witness or witnesses had been subpoenaed in behalf of the people.

Clearly, the statutory language says nothing about an individual with retained counsel being ineligible for public funds to retain an expert.

There is no reason to doubt that counsel testified truthfully when he said he had never seen a court award public funds for an expert when a defendant had retained his or her own attorney. It is unsurprising that, generally, a defendant who can pay to retain counsel would not be able to show that he or she is "poor and has not and cannot obtain the means to procure the attendance of [a material] witness," as the statute requires. However, that is not the case when the defendant can afford to retain counsel only because a third party has offered to pay for him or her to do so. I recognize that counsel in the instant case took considerable steps to help defendant, even forgoing his own fee to help defendant raise the needed funds for an expert. However, I cannot conclude that holding a mistaken belief regarding the application of a statute—a belief wholly unsupported by the statutory text—is anything but deficient performance. Therefore, I

concur in the Court's order reversing the judgment of the Court of Appeals and remanding to the trial court for further proceedings.

WELCH, J. (*dissenting*).

I agree with the majority that the prejudice in this matter is undisputed given the nature of the case and the evidence presented. The issue in this case is whether trial counsel in 2005 rendered ineffective assistance to defendant in violation of the Sixth Amendment to the United States Constitution when he did not request funds from the circuit court under MCL 775.15 for the purpose of hiring an expert witness.[1] I respectfully dissent because in 2005, the time that the trial occurred in this matter, the law was not clear that defense counsel could, let alone was obligated to, request expert-witness funds for clients who were not appointed counsel by the state. The only information available from the record is that during that time, St. Clair County defense attorneys generally understood that public funding for expert-witness fees was not available to clients who had not been declared indigent and who were represented by a retained attorney.

In *People v Arquette*, 202 Mich App 227, 230 (1993), the primary case cited by the defendant as the reason defense counsel should have known to request expert-witness fees for his client, the Court of Appeals noted that "[this] would be a different case if defendant had retained an attorney and then declared indigence."[2] Therefore, that case could not have put trial counsel on notice that retained clients, such as the defendant in

---

[1] Trial counsel's assistance is constitutionally ineffective only if counsel engaged in deficient performance that resulted in prejudice. *Strickland v Washington*, 466 US 668, 687-688 (1984). Deficient performance is assessed "on the facts of the particular case, *viewed as of the time of counsel's conduct*." *Id*. at 690 (emphasis added). I dissent because counsel's performance was not deficient.

[2] In *Arquette*, the defendant was declared indigent but then retained an appellate attorney (paid for by a relative) who replaced his court-appointed appellate attorney. The court administrator refused to provide the defendant trial transcripts at public expense because he had, at that time, a retained attorney. The Court of Appeals concluded that, given his previously declared indigent status, the defendant could receive the transcript at public expense—but it also observed that the analysis would be different if the defendant had first retained an attorney and later been declared indigent (i.e., the public funds would not have been available in that situation). In the instant case, defendant was represented by his own retained trial attorney and was never declared indigent—exactly the scenario in which the Court of Appeals in *Arquette* indicated that public funds would not have been available to a defendant.

this case, were eligible to receive funding from the state to cover expert-witness fees.[3] As the Court of Appeals noted in this case, such a request would have been a novel idea at that time. *People v Ceasor*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2019 (Docket No. 338431), p 10; see also *People v Reed*, 453 Mich 685, 695 (1996) (holding that counsel cannot be deemed ineffective for failing to advance a novel legal argument).

Thus, I do not believe counsel's performance in failing to request public funds from a St. Clair County trial court for an expert witness in 2005 fell below the then-applicable "objective standard of reasonableness." See *People v Trakhtenberg*, 493 Mich 38, 51 (2012).

ZAHRA, J., joins the statement of WELCH, J.

MCCORMACK, C.J., did not participate because of her prior involvement in this case as counsel for a party.

---

[3] The three main precedents that governed this area of law in 2005—this Court's decisions in *People v Jacobsen*, 448 Mich 639 (1995), and *People v Tanner*, 469 Mich 437 (2003), and the Court of Appeals' decision in *People v Miller*, 165 Mich App 32 (1987)—all were cases applying MCL 775.15 to indigent defendants with court-appointed counsel.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 5, 2021

t0302

Clerk