PEOPLE v HUMBERT

Docket No. 50526. Submitted March 2, 1982, at Lansing.—Decided
October 6, 1982. Leave to appeal denied, 417 Mich __.

Kim Regina Humbert was convicted of first-degree criminal sex-
ual conduct and was convicted, on her plea of guilty, of being a
fourth felony offender, Jackson Circuit Court, Charles L. Fala-
hee, J. Defendant appealed, alleging error at the preliminary
examination where her retained counsel was not permitted to
cross-examine witnesses or present evidence, although he was
permitted to consult with defendant's appointed counsel. *Held:*

1. The ruling was clear error.

2. Error occurring in a criminal proceeding is harmless if it
was not so offensive to the maintenance of a sound judicial
system as to require reversal and if it was harmless beyond a
reasonable doubt. Defendant admits being adequately repre-
sented at this preliminary examination. The error was harm-
less.

Affirmed.

E. C. PENZIEN, J., concurred in the result only.

1. CRIMINAL LAW — RIGHT TO COUNSEL.

A trial court's ruling that a criminal defendant's retained counsel
could consult with appointed counsel but could not present
evidence or question witnesses at a preliminary hearing is clear
error but, under certain circumstances, may be deemed to be
harmless.

2. CRIMINAL LAW — HARMLESS ERROR.

Error occurring in a criminal proceeding is harmless if it was not
so offensive to the maintenance of a sound judicial system as to
require reversal and if it was harmless beyond a reasonable
doubt.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Edward J. Grant,* Prose-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 418.
[2] 5 Am Jur 2d, Appeal and Error §§ 778, 798.

cuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Defendant was convicted of first-degree criminal sexual conduct, in violation of MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii). Defendant then pled guilty to a fourth felony-offender charge and was sentenced to a term of imprisonment to be consecutive to the three sentences defendant was serving at the time of the offense. Defendant appeals by right.

Defendant raises two issues on appeal, only one of which merits our attention. Defendant alleges that she was denied her right to counsel of her own choice because the trial court, after appointing counsel for defendant at her request, would not permit her subsequently retained counsel to proceed with the preliminary examination. At the scheduled preliminary examination, both appointed counsel and retained counsel appeared. Retained counsel explained that he had been retained by defendant's family only for the purpose of representing defendant in the preliminary examination because they could not raise enough funds to retain him for the entire proceeding. The court advised the parties that it would not allow an appearance for the preliminary examination alone but retained counsel could consult in the matter. The preliminary examination was conducted by defendant's appointed counsel.

* Circuit judge, sitting on the Court of Appeals by assignment.

The right to assistance of counsel is guaranteed by both the Michigan and the United States Constitutions. Const 1963, art 1, § 20; US Const, Am VI. This guarantee affords a defendant a reasonable opportunity to obtain counsel of his or her choosing. See *Powell v Alabama,* 287 US 45; 53 S Ct 55; 77 L Ed 158 (1932). Michigan's GCR 1963, 785.4(3) provides the following:

"(3) Even though a defendant has waived the assistance of a lawyer, the court shall advise him at each subsequent proceeding *(e.g., preliminary examination,* arraignment * * *) of his right to a lawyer at public expense. Before the court proceeds,

"(a) the defendant must reaffirm that he does not want a lawyer's assistance; or

"(b) if he is eligible for and then requests the appointment of a lawyer, the court must appoint one; or

"(c) *if he wants to retain a lawyer and has the financial ability to do so, the court must allow him a reasonable opportunity to retain a lawyer."* (Emphasis added.)

In *People v Stinson,* 6 Mich App 648; 150 NW2d 171 (1967), defendant sought to retain counsel on the date trial was to begin, almost three months after counsel had been appointed for defendant. While reaffirming every defendant's right to counsel, this Court held that a defendant may effectively waive his right to retain counsel of his own choice by taking advantage of appointed counsel's services. The facts in *Stinson* differ from the facts presented in this case because here defendant promptly produced retained counsel who was prepared to represent her at the preliminary examination. We find no waiver of defendant's right to counsel of her own choice.

The trial court ruled that defendant's retained counsel could consult with appointed counsel but

could not present evidence or question witnesses. Concluding that he could not adequately represent defendant in such a limited capacity, retained counsel withdrew from the case. Thus, defendant was not allowed to fully employ counsel of her choice at the preliminary examination. In light of GCR 1963, 785.4, which specifically provides defendant with an opportunity to retain counsel, we find that the trial court's decision precluding defendant's retained counsel from representing her at the preliminary examination was clear error. Even though defendant may not have been able to continue with retained counsel's representation at trial, that possibility should not have foreclosed the use of defendant's choice of counsel at the preliminary examination.

Having found that error was committed, this Court must determine whether the error was harmless. Failure to provide counsel at a preliminary examination does not mandate automatic reversal; the reviewing Court must decide whether substantial or harmless error occurred. *People v Washington,* 30 Mich App 435, 437; 186 NW2d 13 (1971); *People v Eddington,* 77 Mich App 177, 190; 258 NW2d 183 (1977). The standard for harmless error involves a dual inquiry: (1) Was the error so offensive to the maintenance of a sound judicial system so as to require reversal? and (2) If not, was the error harmless beyond a reasonable doubt? *People v Robinson,* 386 Mich 551, 562-563; 194 NW2d 709 (1972).

Defendant admits to having been adequately represented at the preliminary examination by appointed counsel. Under the above standard, we find the error here resulted in no manifest injustice and was harmless beyond a reasonable doubt.

Affirmed.

E. C. Penzien, J., concurs in the result only.