## PEOPLE v FLORES

Docket No. 105992. Submitted February 9, 1989, at Detroit. Decided April 18, 1989.

Oscar Flores was charged in Saginaw Circuit Court with carrying a concealed weapon. An attorney was appointed to represent Flores, but approximately four months later, and eight days before trial was scheduled to begin, the attorney moved to withdraw as counsel. The motion to withdraw was granted. Another attorney, John Harrigan, was appointed to represent Flores and an adjournment was granted to allow Harrigan time to prepare a defense. On the day before the rescheduled trial was to begin, Harrigan moved to withdraw because Flores no longer desired his services. Although Flores claimed his family had arranged to have another lawyer, Thomas Frank, represent him, Frank never filed an appearance or advised the court or the prosecutor that he would be representing Flores. The court, Robert S. Gilbert, J., denied the motion to withdraw, ordered the trial to proceed, and advised Flores that Harrigan would be sitting right behind Flores during the trial and that Flores could avail himself of Harrigan's services or not, as he pleased. Flores refused to allow Harrigan to speak on his behalf at trial. The jury found Flores guilty, after which he pled guilty to being an habitual offender, fourth offense, and was sentenced. Flores appealed, arguing that the court erred in allowing him to represent himself at trial without determining whether he was competent to conduct his own defense.

The Court of Appeals *held:*

Under the facts and circumstances of this case, the trial court did not abuse its discretion in denying Flores' requests for substitution of counsel and an adjournment. Flores did not show adequate cause for substitution and substitution would have been unreasonably disruptive to the judicial process.

Affirmed.

REFERENCES

Am Jur 2d, Continuance §§ 3, 35; Criminal Law § 982.

Withdrawal, discharge, or substitution of counsel in criminal case as ground for continuance. 73 ALR3d 725.

1. CRIMINAL LAW — ASSIGNED COUNSEL — SUBSTITUTION OF COUNSEL
   — APPEAL.
   The decision regarding substitution of assigned counsel is en-
   trusted to the trial court's discretion and will not be overturned
   on appeal absent an abuse of that discretion.

2. TRIAL — ADJOURNMENT.
   A request for an adjournment is addressed to the sound discretion
   of the trial court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Janet M. Boes,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of carrying a concealed weapon, MCL 750.227; MSA 28.424. Subsequently, defendant pled guilty to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to ten to fifteen years in prison and now appeals as of right. We affirm.

On appeal, defendant argues that the trial court committed error requiring reversal in allowing defendant to appear pro se at trial without determining whether he was competent to conduct his own defense. Defendant maintains that he was denied his right to counsel because the trial court failed to inquire as to defendant's ability to represent himself pursuant to *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). We disagree.

In this case, Philip R. Sturtz was initially appointed as defendant's counsel on March 26, 1987. On July 20, 1987, Mr. Sturtz moved to withdraw

as counsel because he did not have defendant's cooperation and he found that it was not possible for him to represent defendant. On July 22, 1987, only six days before the trial was scheduled to commence, the trial court granted Sturtz's motion to withdraw. On July 29, 1987, John Harrigan was appointed as defendant's counsel and was granted an adjournment to prepare a defense. On September 17, 1987, the day that the rescheduled trial was to begin, Mr. Harrigan moved to withdraw as counsel because defendant no longer desired his services. Harrigan also requested a reasonable delay of trial so that another attorney could prepare a defense. The prosecutor opposed any further delay of trial and noted the previous substitution of counsel and delay. Defendant stated on the record that he did not want Harrigan to represent him and claimed that his family had, on the previous day, arranged to have another attorney, Thomas Frank, represent him. However, Mr. Frank did not file an appearance with the court and did not contact the court or the prosecutor to advise them of his representation of defendant. In ruling on defendant's motions, the trial court stated:

> There is no appearance in the file or request to get in the file by any other attorney. Today is the date set for trial, and the trial date has been set for six weeks. The matter was adjourned once before at the request of the Defendant so that he could get a different attorney, and the Court is going to deny the motion for a continuance, and deny the motion for change of counsel at this time, and proceed with the trial of the case.

Despite the trial court's ruling, defendant insisted that he did not want Harrigan to say anything at trial and that he wanted Mr. Frank to

represent him. The trial court responded that it would proceed to trial and that Mr. Harrigan would continue as the attorney of record for defendant. Upon defendant's further objection to Harrigan representing him, the trial court stated:

> If you don't want Mr. Harrigan to take an active participation in this matter, I will ask him to sit behind you, and he will be available for you for any consultation that you wish to have with him. It is up to you. Either he can represent you and make the opening statement to the jury, question the prosecutor's witnesses, cross examine the prosecutor's witnesses, and discuss with you your defense, and put on whatever defense you need, and make the final argument to the jury; or if you don't want him to participate, then he will sit behind you and be available to you for any consultations that you want to, if you wish to represent yourself.

Thereafter, defendant refused to allow Mr. Harrigan to speak on his behalf at trial. Thus, we find no error since defendant was afforded his right to counsel at trial but persistently rejected counsel's assistance.

Defendant's actual allegation of error is that the trial court abused its discretion by denying his requests for substitution of counsel and an adjournment. Although an indigent defendant is constitutionally guaranteed the right to counsel, he is not entitled to the appointment of an attorney of his choice. *People v Meyers (On Rem),* 124 Mich App 148, 165; 335 NW2d 189 (1983); *People v Anglin,* 111 Mich App 268, 278; 314 NW2d 581 (1981); *People v Krist,* 93 Mich App 425, 435; 287 NW2d 251 (1979), lv den 407 Mich 963 (1980). Nevertheless, a defendant is entitled to have his assigned lawyer replaced upon a showing of adequate cause, provided that the substitution of

counsel will not unreasonably disrupt the judicial process. *Meyers, supra; Anglin, supra.* The decision regarding substitution is entrusted to the trial court's discretion and will not be overturned on appeal absent an abuse of that discretion. *Meyers, supra; Anglin, supra.* Additionally, a request for an adjournment is addressed to the sound discretion of the trial court. *People v Williams,* 386 Mich 565, 575; 194 NW2d 337 (1972).

In the present case, the only reason stated by defendant on the record for a substitution of counsel was that he did not get a reasonable plea bargain. Furthermore, defendant had almost six months to retain his own attorney from the date that he was arrested. Additionally, even though the second trial date of September 17, 1987, had been set for six weeks, defendant waited until the morning of trial to announce that he did not want his second appointed counsel to represent him and that he preferred another attorney. Under the facts and circumstances of this case, we find that the trial court did not abuse its discretion in denying defendant's requests for substitution of counsel and an adjournment since defendant did not show adequate cause for the substitution and the substitution would have been unreasonably disruptive to the judicial process.

Affirmed.