PEOPLE v PORTILLO

Docket No. 213444. Submitted June 14, 2000, at Detroit. Decided June 23, 2000, at 9:15 A.M.

Daymon Portillo was convicted of four counts of felonious assault and one count of felonious driving following a jury trial in the Recorder's Court of Detroit, Jeffrey G. Collins, J. The defendant was jointly tried with a codefendant. Both the defendant and the codefendant were represented by the same retained counsel. Before trial, the trial court, after eliciting the defense counsel's reasons for believing that joint representation would not result in a conflict of interest and each defendant's voluntary agreement to joint representation, found that the joint representation would not cause a conflict of interest. The defendant appealed, arguing that MCR 6.005(F), which mandates separate counsel for jointly charged indigent defendants but does not mandate separate counsel for jointly charged defendants where counsel is retained, violated his constitutionally protected right of equal protection of the law.

The Court of Appeals held:

1. Because MCR 6.005(F) does not restrict a defendant's right to retain counsel of his choosing, the constitutionality of the court rule must be reviewed under the rational basis test rather than the strict scrutiny test. Accordingly, MCR 6.005(F) is presumed to be constitutional, and the defendant has the burden of proving that it is arbitrary and, therefore, irrational.

2. There was a rational basis for treating these two classes of defendants differently. Although indigent defendants are entitled to the appointment of counsel to represent them, they do not have the right to have counsel of their choosing appointed. Accordingly, requiring the appointment of separate counsel for indigent defendants avoids problems of potential conflicts of interest arising from joint representation. On the other hand, prohibiting joint representation by retained counsel in the absence of an actual conflict of interest would impermissibly infringe on the constitutional right of criminal defendants to retain counsel of their own choice to defend them. Accordingly, the defendant has not shown that the classification scheme is not related to a legitimate government purpose.

3. The record does not support the defendant's claim that he was denied effective assistance of counsel by reason of counsel's joint representation of the codefendant and him.

Affirmed.

CRIMINAL LAW — ASSISTANCE OF COUNSEL — EQUAL PROTECTION — ASSIGNED COUNSEL — RETAINED COUNSEL — COURT RULES.

The court rule relating to multiple representation by counsel in criminal trials does not violate the constitutional right of equal protection of the law of a criminal defendant who is jointly represented with a codefendant by a single retained counsel even though the court rule permits such joint representation by a retained counsel while mandating appointment of separate counsel for jointly tried indigent defendants; the preservation of the constitutional right to retain counsel of one's own choosing provides a rational basis for the court rule to treat the two classes of defendants differently (US Const, Am XIV; Const 1963, art 1, § 2; MCR 6.005[F]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee*, Assistant Prosecuting Attorney, for the people.

*Brian C. Kidston*, for the defendant.

Before: OWENS, P.J., and NEFF and FITZGERALD, JJ.

FITZGERALD, J. Defendant, who was charged with four counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and felonious driving, MCL 752.191; MSA 28.661, was convicted by a jury of four counts of the lesser offense of felonious assault, MCL 750.82; MSA 28.277, and felonious driving. Defendant was tried jointly with a codefendant, Jeremiah Saunders, who was also convicted of four counts of felonious assault and felonious driving. Defendant was sentenced to two years' probation, including completion of a 90- to 120-day Special

Alternative Incarceration (boot camp) program. He appeals as of right. We affirm.

Defendant and his codefendant were jointly tried, and both were represented by the same retained attorney. Defendant argues that the court rule governing joint representation, MCR 6.005(F), violates his constitutional right to equal protection, US Const, Am XIV; Const 1963, art 1, § 2, because it mandates separate counsel for jointly charged indigent defendants but does not mandate separate counsel for jointly charged defendants where counsel is retained. Because MCR 6.005(F) does not restrict a defendant's right to retain counsel of his own choosing, we do not believe that the "strict scrutiny" test is applicable. *People v Pitts*, 222 Mich App 260, 272-273; 564 NW2d 93 (1997). Instead, we apply the "rational basis" test to review the constitutionality of MCR 6.005(F). *Pitts, supra* at 273.

Under the "rational basis" test, the legislation, or in this case MCR 6.005(F), is presumed to be constitutional, and the party challenging it has the burden of proving that it is arbitrary and, therefore, irrational. *Pitts, supra* at 273. The constitutionality of MCR 6.005(F) will be upheld if the classification scheme created in it is rationally related to a legitimate governmental purpose. *Pitts, supra* at 273. Under this test, the wisdom, need, or appropriateness of the scheme is not measured. *People v Sleet*, 193 Mich App 604, 607; 484 NW2d 757 (1992).

MCR 6.005(F) distinguishes between defendants who are indigent and those who can afford to retain their own counsel. A defendant who can afford to retain counsel on his own cannot have that right restricted by the courts. Such a defendant has a con-

stitutional right to defend an action through the attorney of his choice. Const 1963, art 1, § 13; MCL 600.1430; MSA 27A.1430; *People v Arquette*, 202 Mich App 227, 231; 507 NW2d 824 (1993). In contrast, an indigent defendant is entitled to the appointment of counsel, but he does not have the right to have counsel of his choosing appointed. *People v Ginther*, 390 Mich 436, 441; 212 NW2d 922 (1973). The Supreme Court had a rational basis for treating these classes of defendants differently. Requiring that separate counsel be appointed for jointly charged indigent defendants avoids problems with conflicts of interest arising from joint representation, as well as problems with jointly represented indigent defendants later claiming that their rights were violated. Further, requiring the appointment of separate counsel for jointly charged indigent defendants is a means of assuring that indigent defendants obtain fair trials. Therefore, defendant has not shown that the classification scheme in MCR 6.005(F) is not rationally related to a legitimate governmental purpose. *Pitts, supra* at 273.

Defendant also argues that he was denied the effective assistance of counsel as a result of counsel's joint representation of himself and codefendant Saunders. Because defendant did not request an evidentiary hearing on this issue in the trial court, our review is limited to the existing record. *People v Wilson*, 196 Mich App 604, 612; 493 NW2d 471 (1992).

The record indicates that the trial court complied with MCR 6.005(F) by eliciting from defense counsel the reasons for believing that joint representation would not cause a conflict of interest, by questioning each defendant about whether they wished to retain separate counsel, and by finding that joint representa-

tion would not cause a conflict of interest. Additionally, the trial court's questioning demonstrates that defendant voluntarily agreed to the joint representation. Finally, the record does not factually support defendant's claim that an actual conflict of interest adversely affected his lawyer's performance. *People v Smith*, 456 Mich 543, 556-557; 581 NW2d 654 (1998). Therefore, appellate relief is not warranted.

Affirmed.