# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIE LEE-WILSON WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
February 12, 2015

No. 318211
Kent Circuit Court
LC No. 12-007416-FC;
        12-007417-FC;
        12-007418-FC;
        12-007499-FC;
        12-007619-FC;
        12-010250-FC

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions following two separate jury trials. He was sentenced as a fourth-offense habitual offender, MCL 769.12. In trial I, which included all lower court docket numbers except 12-010250-FC, defendant was convicted of four separate counts of armed robbery, MCL 750.529, assault with intent to rob while armed, MCL 750.89, and receiving and concealing stolen property of a value $1,000 or more but less than $20,000, MCL 750.535(3)(a). The trial court sentenced defendant to 30 to 60 years' imprisonment for each of his four armed robbery convictions, to 30 to 60 years' imprisonment for his assault with intent to rob while armed conviction, and to 5 to 30 years' imprisonment for his receiving and concealing stolen property conviction. In trial II, defendant was convicted of: assault with intent to murder, MCL 750.83, and sentenced to 50 to 100 years' imprisonment, assault of a prison employee, MCL 750.197c, and sentenced to 5 to 30 years' imprisonment, and escape from jail through violence, MCL 750.197c, and sentenced to 5 to 30 years' imprisonment. We affirm.

Defendant first argues that he is entitled to a new trial because his constitutional and statutory right to be present at both trials was violated. This issue is unpreserved, and we review it for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

A defendant has a constitutional right, guaranteed by the Sixth Amendment, to be present at trial. *People v Staffney*, 187 Mich App 660, 663; 468 NW2d 238 (1990), citing *Illinois v Allen*, 397 US 337, 338; 90 S Ct 1057; 25 L Ed 2d 353 (1970). A defendant also has a statutory

right to be present during trial. MCL 768.3. Only the defendant may waive both his constitutional and statutory right to be present during his trial. *People v Buie (On Remand)*, 298 Mich App 50, 56-57; 825 NW2d 361 (2012). Waiver requires the intentional relinquishment or abandonment of a known right. *Carines*, 460 Mich at 762, n 7. A defendant may waive his right to be present at trial by (1) being voluntarily absent after the trial has begun, or (2) becoming so disorderly or disruptive that his trial cannot be continued while he is present. *Buie*, 298 Mich App at 57. Similarly, a defendant may waive his statutory right to be present at trial. *Id.* Thus, a defendant validly waives the right to be present at trial when, with specific knowledge of this constitutional right, he or she intentionally abandons it. *Id.* "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* (citation and quotation omitted).

In trial I, although defendant was apprised of his constitutional right to be present at trial, he told the trial court that he did not wish to be present. Defendant proceeded to return to his holding cell. Every day of trial, the trial court attempted to secure defendant's presence. Further, each time defendant was brought into the courtroom, for in-court identification purposes, the trial court asked defendant whether he wanted to stay. On each occasion, defendant refused to participate, and he returned to his holding cell. The record reflects that having knowledge of his constitutional right, defendant intelligently and voluntarily waived his right to be present at trial. Accordingly, defendant waived his constitutional and statutory right to be present at trial I. *Buie*, 298 Mich App at 56-57.

In trial II, defendant was not specifically apprised of his constitutional right to be present.[1] Where a defendant is not *specifically* apprised of his right to be present at trial, defendant cannot knowingly waive that right. *Id.* at 58. Nevertheless, defendant's absence from trial II does not require reversal because his substantial rights were not affected. *Carines*, 460 Mich at 763.

To show an error affected a defendant's substantial rights, it is necessary to show prejudice, specifically "that the error affected the outcome of the lower court proceedings." *Id.* In *Buie*, this Court in a similar situation stated the test for whether defendant's absence from a part of his trial requires reversal is whether there was any reasonable possibility that his absence prejudiced the defendant. *Buie*, 298 Mich App at 59.

In this case, nothing in the record supports a finding that there was any "reasonable possibility" that defendant was prejudiced by his absence. *Id.* The evidence of defendant's guilt was overwhelming. Defendant assaulted a corrections officer, choked her to the point of unconsciousness, and attempted to escape. Inmate witnesses confirmed the corrections officer's testimony. Further, the trial court made every attempt to include defendant in the trial court proceedings. The court, in trial II, asked defendant at the beginning of each day of trial whether he wanted to participate. Defendant indicated that he did not. The trial court also excused the

---

[1] We recognize that the second trial began four days after trial I ended and that at the beginning of trial II, the trial court referenced defendant's choice not to attend the first trial. But, defendant was not specifically appraised regarding his right to be present at the second trial.

jury before bringing defendant into the courtroom to try to avoid any prejudice that may have resulted from seeing defendant in shackles. Additionally, the trial court instructed the jury not to consider defendant's absence in coming to a verdict. See *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011) ("jurors are presumed to have followed their instructions"). Accordingly, defendant is not entitled to a reversal of his convictions in trial II because there is no reasonable possibility that his absence was prejudicial. *Buie*, 298 Mich App at 59.

Next, defendant argues that the prosecution presented insufficient evidence of his specific intent to kill to convict him of assault with intent to commit murder. This Court reviews de novo the sufficiency of the evidence in a criminal case. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The evidence is sufficient to sustain a conviction if, when viewed in a light most favorable to the prosecution, it would permit a rational trier of fact to find all essential elements of the crime were proved beyond reasonable doubt. *Id*. at 196.

A conviction of assault with intent to commit murder requires proving (1) an assault, (2) with the actual intent to kill, and (3) that would make the killing murder if successful. *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). Although the prosecution must prove that defendant had the specific intent to kill, minimal circumstantial evidence is sufficient to establish an actor's state of mind. *People v Unger*, 278 Mich App 210, 223; 749 NW2d 272 (2008).

While in jail before trial I, defendant assaulted the Kent County corrections officer, who was working third shift. Defendant requested to use a bathroom outside of his cell, and the officer unlocked defendant's cell and allowed him to use the bathroom. Thereafter, the officer performed a block check, during which she saw defendant out of his cell. Defendant walked over to the officer, grabbed her by the neck, and choked her until she lost conscious. He only stopped choking the victim because another inmate broke out of his cell and intervened. When the officer regained consciousness, defendant grabbed her by the neck and dragged her out of the cell block. He choked her two more times before other corrections officers intervened and apprehended defendant.

The record established that defendant choked the officer, and after she was unconscious, defendant continued to choke her. According to the testimony of several of the inmates, if the victim had not been rescued, she would have died. At trial, an expert testified that there is a high potential of death if a victim is choked for an additional 2 to 5 minutes after losing consciousness. The victim also testified that she thought defendant was "going to break her neck." Viewing the evidence in a light most favorable to the prosecution, a reasonable jury could have found that defendant intended to kill the victim. Accordingly, defendant's assault with intent to murder conviction was supported by sufficient evidence.

We affirm.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey