# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DARNELL SYKES,

Defendant-Appellant.

UNPUBLISHED
December 5, 2017

No. 335384
Wayne Circuit Court
LC No. 15-004017-01-FJ

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of two counts of kidnapping, MCL 750.349, five counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and two counts of unarmed robbery, MCL 750.529. The trial court sentenced defendant to prison terms of 19 to 38 years for each kidnapping conviction, 36 to 72 years for each CSC-I conviction, and 8 to 15 years for each robbery conviction. We affirm.

## I. BASIC FACTS

Defendant was convicted of kidnapping, robbing, and sexually assaulting SL and KS on August 24, 2008. Defendant assaulted the teenage sisters while they were walking home from a gas station. He directed them to a nearby alley, instructed them to disrobe, and then sexually assaulted them. Defendant also went through the victims' purses and took a necklace from SL. DNA evidence collected during an examination of SL was later found to match defendant's DNA profile. The trial court allowed the prosecutor to introduce other-acts evidence that in April 2009, defendant kidnapped friends CC and DB, sexually assaulted one them, and stole their personal property. On the first day of trial, the trial court denied defendant's motion to remove his shackles during trial, and also denied defense counsel's motion to withdraw.

## II. ADMISSION OF EVIDENCE

Defendant first argues that the trial court erred in admitting the other-acts evidence. We review the trial court's decision to admit this evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). An abuse of discretion occurs if the trial court's decision is outside the range of principled outcomes. *People v Carnicom*, 272 Mich App 614, 616-617; 727 NW2d 399 (2006).

-1-

MRE 404(b)(1) prohibits the admission of evidence of a defendant's other crimes or bad acts "to prove the character of a person in order to show action in conformity therewith," but allows such evidence to be introduced for other noncharacter purposes, "such as proof of motive, opportunity, intent, preparation, scheme, plan or system in doing an act, knowledge, identity, or absence of mistake or accident[.]" MRE 404(b)(1); *People v Jackson*, 498 Mich 246, 259, 276; 869 NW2d 253 (2015). Once a proper purpose has been identified, "the trial court must still determine whether the evidence, under a proper theory," is relevant, i.e., whether it "has a tendency to make the existence of a fact of consequence in the case more or less probable than it would be without the evidence." *People v Sabin (After Remand)*, 463 Mich 43, 60; 614 NW2d 888 (2000).

To be admissible under MRE 404(b)(1), other-acts evidence must meet three requirements: (1) it must be offered for a proper purpose; (2) it must be relevant; and (3) its probative value must not be substantially outweighed by the danger of unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). The fact that evidence is damaging does not mean it is unfairly prejudicial because "[a]ny relevant testimony will be damaging to some extent." *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735-736; 344 NW2d 347 (1983). Evidence is unfairly prejudicial if there is a danger that marginally probative evidence will be given undue weight by the jury, *People v Ortiz*, 249 Mich App 297, 306; 642 NW2d 417 (2001), when it would lead the jury to decide the case on an improper basis such as emotion, *People v Meadows*, 175 Mich App 355, 361; 437 NW2d 405 (1989), or when it would be inequitable to allow the use of the evidence, *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). If the evidence is admissible, the trial court may provide a limiting instruction upon request. *Knox*, 469 Mich at 509. "Such a limiting instruction protects a defendant's right to a fair trial." *People v Kahley*, 277 Mich App 182, 185; 744 NW2d 194 (2007).

Although the trial court ruled that the other-acts evidence was admissible for multiple reasons, its instruction to the jury indicated that it was admitted to show defendant's scheme, plan, or system in doing an act. Evidence of a "scheme, plan or system in doing an act" may be established in two ways: (1) by showing that "the charged and uncharged acts are consistent parts of a plan in which each act is a piece of the larger plan," or (2) by showing that "the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *Sabin*, 463 Mich at 63 (footnote omitted). Under the second method, the similarity of the charged and uncharged acts must consist of something more than the mere commission of the same crime. The acts must share "sufficient common features to infer a plan, scheme, or system to do the acts," *id*. at 64, but those common features need not be "distinctive and unusual." *People v Hine*, 467 Mich 242, 252-253; 650 NW2d 659 (2002).

While there were some differences between this case and the incident involving CC and DB, the two incidents were sufficiently similar to show that they were common manifestations of the same plan. In each situation, two young women were out at night alone. Defendant took them by surprise and used their natural concern for one another due to a real or perceived familial relationship to gain compliance. He directed them to an isolated area for the purpose of having sexual relations and stealing their valuables. That defendant had employed this plan with CC and DB tended to make it more likely that he was the same person who employed the same plan with SL and KS. Although the evidence was prejudicial because it "risks an improper

character-to-conduct inference," it was not unfairly prejudicial, and the fact that the trial court gave a proper limiting instruction was sufficient to protect defendant's right to a fair trial. *Kahley*, 277 Mich App at 185. Therefore, the trial court did not abuse its discretion in admitting the other-acts evidence.

Even if we were to conclude that the evidence should not have been admitted, defendant would not be entitled to relief. A preserved nonconstitutional error regarding the admission of evidence is presumed to be harmless. The error justifies reversal if it is more probable than not that it determined the outcome of the case. *People v Lukity*, 460 Mich 484, 493-496; 596 NW2d 607 (1999). An error is not outcome determinative unless it undermined the reliability of the verdict in light of the untainted evidence. *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001). Both SL and KS identified defendant as their assailant when he was included in a lineup, and defendant's DNA was found in fluids collected from SL's intimate areas. It is therefore unlikely that the verdict would have been different had the other-acts evidence been excluded.

## III. SHACKLING

Defendant next argues that the trial court violated his right to due process by requiring him to be shackled during trial. We review the trial court's decision to have defendant shackled during trial "for an abuse of discretion under the totality of the circumstances." *People v Dixon*, 217 Mich App 400, 404-405; 552 NW2d 663 (1996).

"Freedom from shackling is an important component of a fair trial." *Id*. at 404. Although freedom from shackling is rooted in a defendant's due process rights, *Deck v Missouri*, 544 US 622, 626-628; 125 S Ct 2007; 161 L Ed 2d 953 (2005), "[t]he right of a defendant to appear at trial without any physical restraints is not absolute." *People v Banks*, 249 Mich App 247, 256; 642 NW2d 351 (2002). Restraints are permitted "to prevent the escape of the defendant, to prevent the defendant from injuring others in the courtroom, or to maintain an orderly trial." *Dixon*, 217 Mich App at 404. A trial court abuses its discretion when it requires a criminal defendant to be shackled without citing record evidence justifying the use of shackles. *People v Payne*, 285 Mich App 181, 186-187; 774 NW2d 714 (2009). If the court orders the defendant to be shackled without adequate justification and the shackles are visible to the jury, "the defendant need not demonstrate actual prejudice to make out a due process violation." Instead, the prosecution must prove that the error did not affect the verdict. *Deck*, 544 US at 635.

We remanded this matter to the trial court by order dated June 15, 2017, directing the trial court to hold a hearing and (1) state why defendant was shackled and (2) whether the jury was made aware of the reasons for the shackling. The trial court cited facts providing adequate justification for shackling defendant. The trial court cited defendant's conduct at a previous trial. Defendant initiated a "confrontation" and became involved in an "altercation" with a courtroom deputy in an attempt to escape. Prevention of escape and prevention of injury to others are both legitimate reasons to order shackling. *Dixon*, 217 Mich App at 404. In light of defendant's prior escape attempt, which the trial court noted involved "a pretty serious security matter," the trial court's decision to have defendant shackled at the instant trial was not outside the range of principled outcomes. *Carnicom*, 272 Mich App at 616-617. Further, the trial court acted to

protect defendant's rights by instructing the venire that it could not infer guilt because of defendant's appearance in restraints. The trial court further explained on remand that it does not inform juries of its reasons for restraining a defendant when it does so. Accordingly, we find no abuse of discretion.

## IV. SUBSTITUTION OF COUNSEL

Defendant lastly argues that the trial court erred by denying defense counsel's motion to withdraw and by ruling on the motion without sufficient inquiry into the reasons behind it. Defendant also contends that the trial court's ruling amounted to a constructive denial of the right to counsel. We review defendant's preserved claim regarding the motion to withdraw for an abuse of discretion. *People v Bauder*, 269 Mich App 174, 193-194; 712 NW2d 506 (2005), overruled in part on other grounds by *People v Burns*, 494 Mich 104, 112-113; 832 NW2d 738 (2013). An attorney's motion to withdraw has been deemed the equivalent of a request for substitution of counsel, *Bauder*, 269 Mich App at 193, and the trial court's decision regarding substitution of counsel is also reviewed for an abuse of discretion. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). However, defendant did not argue below that he was denied his right to the effective assistance of counsel or that the trial court's decision denying counsel's motion to withdraw amounted to a deprivation of the right to counsel, so that aspect of the issue has not been preserved. That issue is thus reviewed for plain error affecting defendant's substantial rights. *People v Carines,* 460 Mich 750, 763-764; 597 NW2d 130 (1999).

According to the record, defendant was indigent and counsel was appointed to represent him. Defendant's first attorney was later replaced by another appointed attorney for reasons not clear from the record. Shortly before trial, defendant's family retained attorney Winters. The April 2016 trial date was adjourned, in part so that Winters could prepare and argue motions defendant wanted him to present. The trial court heard and ruled on those motions on the first day of trial. Winters then moved to withdraw and the trial court denied the motion.

## A. COUNSEL'S MOTION TO WITHDRAW

A criminal defendant has a right to counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Marsack*, 231 Mich App 364, 372; 586 NW2d 234 (1998). The right to counsel includes the right to counsel of one's choice, and "[a] defendant who can afford to retain counsel on his own cannot have that right restricted by the courts." *People v Portillo*, 241 Mich App 540, 542-543; 616 NW2d 707 (2000). The right to counsel permits a defendant a reasonable opportunity to secure counsel of his choosing, *People v Humbert*, 120 Mich App 195, 197; 327 NW2d 435 (1982), and a defendant who is dissatisfied with retained counsel's representation may request an adjournment to retain new counsel. See *People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999). But the defendant's right to counsel of his choice "is not absolute," and should be balanced against "the public's interest in the prompt and efficient administration of justice . . . ." *People v Akins*, 259 Mich App 545, 557; 675 NW2d 863 (2003) (quotation marks and citations omitted). "When reviewing a trial court's decision to deny a defense attorney's motion to withdraw and a defendant's motion for a continuance to obtain another attorney," this Court considers the following factors:

(1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*Echavarria*, 233 Mich App at 369.]

An indigent defendant has a right to counsel, but not to counsel of his choice. *People v Flores*, 176 Mich App 610, 613; 440 NW2d 47 (1989). Further, an indigent defendant is not entitled to have new counsel appointed "whenever and for whatever reason dissatisfaction arises with counsel provided for him." *People v Bradley*, 54 Mich App 89, 95; 220 NW2d 305 (1974). "Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991). Good cause will be found where there is a complete breakdown of the attorney-client relationship, *People v O'Brien*, 89 Mich App 704, 708; 282 NW2d 190 (1979), "where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic," *Mack*, 190 Mich App at 14, or where there is an "irreconcilable bona fide dispute" regarding a substantial defense or trial strategy, *People v Charles O Williams*, 386 Mich 565, 576, 578; 194 NW2d 337 (1972); *People v Harlan*, 129 Mich App 769, 778; 344 NW2d 300 (1983).

Winters moved to withdraw because he apparently suspected that defendant was about to ask the court to discharge him. Because defendant never spoke up, it is not known if he wanted Winters discharged and, if so, whether he wanted an adjournment in order to retain new counsel or if he wanted the court to appoint new counsel because he was indigent. The only stated reason for the motion was that defendant and Winters had had "some disagreements . . . about the conduct of this case." The trial court could have further explored the reason for the request to determine if there was a legitimate reason or good cause for substitution of counsel. See *Benitez v United States*, 521 F3d 625, 632, 634 (CA 6, 2008). It did not do so and neither Winters nor defendant elaborated. Therefore, the record does not disclose whether any disagreements had irreparably damaged the attorney-client relationship or created a legitimate difference of opinion or whether defendant was simply dissatisfied because counsel had advised against bringing certain motions or because the motions had been denied. While defendant implies that the request was prompted by the fact that he "expressed a number of issues which counsel had neglected or declined to raise," the record shows that counsel brought those issues before the court and the court ruled on them.

To the extent that the trial court failed to further inquire into the reasons for counsel's motion to withdraw, the "failure to explore a defendant's claim that his assigned lawyer should be replaced does not necessarily require that a conviction following such error be set aside," *People v Ginther*, 390 Mich 436, 442; 212 NW2d 922 (1973), as where the record fails to disclose a legitimate basis for the request. *People v Holcomb*, 47 Mich App 573, 588; 209 NW2d 701 (1973), rev'd on other grounds 395 Mich 326 (1975). In this case, counsel's motion to withdraw was apparently prompted by his anticipation that defendant might ask the court to discharge him. However, defendant never actually made any such request. The trial court also noted that defendant had a history of not getting along with his attorneys. He was previously represented by two appointed attorneys, and trial was previously adjourned when new counsel

was retained shortly before the start of trial, in part so that new counsel could prepare and argue motions that defendant wanted him to present. Counsel acknowledged that he and defendant had had some disagreements over the conduct of the case, but counsel was permitted to raise the matters that defendant wanted to pursue before the start of trial and the trial court addressed them. Because the record did not disclose a legitimate basis for the request to withdraw, the trial court did not abuse its discretion in denying counsel's motion to withdraw.

## B. RIGHT TO COUNSEL

As noted, a criminal defendant has a right to counsel. The right to counsel extends to all critical stages of the proceedings, *People v Kurylczyk*, 443 Mich 289, 296; 505 NW2d 528 (1993), and "includes the right to effective assistance of counsel." *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011).

To establish a violation of the right to the effective assistance of counsel, a defendant must ordinarily "show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). In *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984), the Court identified three situations implicating the right to counsel in which a defendant is entitled to relief absent a showing of prejudice. One is the complete denial of counsel, i.e., counsel is absent or otherwise prevented from assisting the defendant. *Id.* at 658-659 n 25. Another is where counsel is provided but "entirely fails to subject the prosecution's case to meaningful adversarial testing," i.e., does nothing at trial. *Id.* at 659. A third is where counsel is provided but the situation is such that it is extremely unlikely that any lawyer, no matter how competent, could provide effective assistance, e.g., the court requires counsel to try a highly publicized capital case with no preparation whatsoever. *Id.* at 659-661. "It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005) (footnote omitted).

As noted, Winters represented defendant at trial. After presenting defendant's motions to the court, he took part in jury selection, gave an opening statement and closing argument, and cross-examined the prosecution's witnesses. There is no allegation that counsel was absent during a critical stage of the proceeding or that he did not have sufficient time to prepare adequately for trial, and the record shows that he subjected the prosecution's case to "meaningful adversarial testing." Consequently, defendant has not shown that he was denied his right to counsel.

## V. DEFENDANT'S STANDARD 4 BRIEF

In a supplemental Standard 4 brief, defendant raises 3 issues: (1) that the trial court erred in admitting various evidence obtained following defendant's arrest because the arrest was unlawful and the evidence is the fruit of the poisonous tree, (2) that the trial court erred by not suppressing evidence obtained under a search warrant because the search warrant lacked probable cause because it was based on false information, and (3) that he is entitled to a new trial because his conviction was based upon false testimony. We disagree.

With respect to the first issue, although framed somewhat differently, this involves the same issue presented in defendant's companion case that was also before this panel in Docket No. 330575. We dealt with the issue of the validity of defendant's arrest and the evidence subsequently obtained in that case. *People v Sykes*, unpublished opinion per curiam (No. 330575, issued June 27, 2017). For the same reasons that we rejected defendant's arguments in that case, we reject them here as well.

As to defendant's second issue, defendant presents two subarguments. First, defendant argues that the warrant was not issued by a neutral and detached magistrate. This issue was considered and rejected in the companion case. Second, defendant argues that the warrant was based upon false evidence. Defendant, however, presents no basis to conclude that the statements in the affidavit were false other than defendant's own assertion. At best, defendant points to the assertion in the affidavit that defendant weighed 250 pounds and defendant shows that his state-issued ID lists his weight as 208 pounds. But this difference is insignificant. First, there is no basis to conclude that the weight listed on his ID was accurate at the time. Second, the ID was issued several months before the affidavit was executed, thus defendant's weight at the time of the issuance of the ID is not necessarily the same as his weight at the time of arrest. And, third, the weight listed in the affidavit is an approximation. Accordingly, we see no basis for setting aside the warrant.

With respect to defendant's third issue, his only basis for arguing that his conviction was based upon false testimony is that he disagrees with the testimony presented by prosecution witnesses. The jury heard the testimony and apparently found it credible. We will not substitute our judgment for that of the jury. *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009).

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan