COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TONEY C. LINDSEY,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 331833
Wayne Circuit Court
LC No. 08-002367-01-FC

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right the judgment of sentence entered following a remand from this Court for resentencing. We affirm the trial court's sentence in part and remand in part for the trial court to establish a factual basis for the costs imposed and a determination of whether the costs imposed were "reasonably related to the actual costs incurred by the trial court." *People v Konopka (On Remand)*, 309 Mich App 345, 350-351; 869 NW2d 651 (2015).

On August 7, 2008, defendant was convicted, following a jury trial, of assault with intent to do great bodily harm less than murder, MCL 750.84, and two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f). He was sentenced on August 27, 2008, as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 7 to 10 years for the assault conviction and 25 to 40 years for the first-degree criminal-sexual-conduct conviction. He appealed from his convictions and sentences.

On February 11, 2010, this Court issued its opinion affirming defendant's convictions but remanding for resentencing. *People v Lindsey*, unpublished opinion per curiam of the Court of Appeals, issued February 11, 2010 (Docket No. 287912). In pertinent part, this Court stated as follows:

> Although we have found no scoring errors, we agree that defendant is entitled to resentencing because the trial court used the wrong sentencing guidelines range to sentence defendant. Defendant's sentencing information report ("SIR") indicates that he received 75 total offense variable points, which would place him in OV level IV (60 – 79 points) of the applicable sentencing grid. MCL 777.62. The sentencing guidelines range for an F-IV offender, as enhanced for a fourth habitual offender, is 171 to 570 months. (See MCL 769.12; MCL 777.21(3)(c).) However, the trial court expressly used a guidelines range of

-1-

225 to 750 months, which is the range for a fourth-habitual offender in the F-V cell. Even though defendant's minimum sentence of 300 months falls within the correct guidelines range, because the trial court utilized an incorrect range at sentencing, defendant is entitled to be resentenced. See *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006). [*Id.*, at 4 (footnote omitted).]

The resentencing hearing was held on January 15, 2016. After correcting the guidelines range, the trial court sentenced defendant within the guidelines range to the same sentences originally imposed at the initial sentencing hearing. Further, the trial court ordered defendant pay the same costs as originally imposed but did not remember what that amount was.

On appeal, defendant first contends that the trial court erred in refusing to grant an adjournment in order to discuss his resentencing issues with his newly appointed attorney. We disagree. This Court reviews a trial court's decision on a motion for an adjournment for an abuse of discretion. *People v Coy*, 258 Mich App 1, 17; 669 NW2d 831 (2003). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). "No adjournments, continuances or delays of criminal causes shall be granted by a court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record." MCL 768.2. The defendant must show prejudice as a result of the court's denial of an adjournment. *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000). "Even with good cause and due diligence, the trial court's denial of a request for an adjournment or continuance is not grounds for reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion." *Coy*, 258 Mich App at 18-19.

We conclude that defendant has failed to demonstrate good cause for an adjournment. The record shows that defendant requested the adjournment so that he could "meet" and get acquainted with his appointed counsel. An indigent defendant is entitled to the appointment of counsel, but he does not have the right to have counsel of his choosing appointed. *People v Ginther*, 390 Mich 436, 441; 212 NW2d 922 (1973); *People v Portillo*, 241 Mich App 540, 543; 616 NW2d 707 (2000). Defendant's original appointed attorney failed to appear for the resentencing hearing, and another attorney was appointed to represent defendant at the hearing. It was clear from the record that defendant had been fully apprised of the reason for the resentencing and what would occur at this hearing. Defendant and counsel were given an adequate opportunity to review the PSIR and sentencing guidelines. In fact, defendant pointed out a mistake in the PSIR, which was corrected on the record.[1] The court gave defendant the opportunity to raise any further issues concerning the content of the PSIR or the guidelines.

In addition, defendant has failed to demonstrate any prejudice. He has not produced any evidence that there was an addition or correction to the PSIR or the sentencing guidelines that was not presented to the sentencing court and has not alleged that the attorney who represented him at the resentencing failed to provide him with adequate counsel. Rather, the record reflects

---

[1] Defendant pointed out that the PSIR incorrectly indicated a woman named Ida Williams was his blood relative when, in fact, she was not.

that defense counsel reviewed and understood the nature of the case and adequately explained it to defendant. Therefore, we conclude that the trial court did not abuse its discretion when it denied defendant's motion for an adjournment so that he could meet and get acquainted with his appointed counsel.

Next, defendant contends that the trial court erred in refusing to apply *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We disagree. In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient under the Sixth Amendment to the extent that "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables and *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Id.* at 364 (emphasis in original). The Court also struck down the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure. *Id.* at 364-365. The Court held that the guidelines would be advisory only but still must be determined and taken into account at sentencing. *Id.* at 365. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

Here, the application of *Lockridge* does not change the outcome of this case. Defendant's sentence was not subject to an upward departure from the guidelines. His minimum sentence of 300 months was clearly within the appropriate guidelines sentence range of 171 to 570 months. Therefore, this Court "shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). Defendant has not demonstrated an error in scoring the sentencing guidelines or that the court relied on inaccurate information in determining his sentence. Therefore, the trial court correctly concluded that the *Lockridge* standard was inapplicable to this case because defendants sentence did not depart from the minimum guidelines range.

Finally, defendant contends that, pursuant to *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015), the assessment of $500 in court costs should be vacated and the matter should be remanded for the sentencing court to establish a factual basis for the costs imposed and determine whether those were reasonably related to the actual costs incurred by the trial court as required by MCL 769.1k(1)(b)(*iii*).[2] We agree.

In *People v Cunningham,* 496 Mich 145; 852 NW2d 118 (2014), our Supreme Court addressed the issue of whether MCL 769.1k(1)(b)(*ii*) provided courts with the independent authority to impose costs upon criminal defendants. The Court held that it did not. Rather, the

---

[2] Defendant did not preserve the issue regarding court costs. Thus, the issue is forfeited on appeal absent a showing of plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plain error rule, the defendant must demonstrate that an error occurred, the error was plain, and the plain error affected substantial rights. *Id.*

Court held "that MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id*. at 147.

MCL 769.1k was amended by 2014 PA 352, which was effective October 17, 2014, to reflect the Supreme Court's decision in *Cunningham*. The Editor's Notes to the statute provided that the amended version "applies to all fines, costs, and assessments ordered or assessed before June 18, 2014, and after October 17, 2014." The amendment to MCL 769.1k(1)(b)(*ii*) and (*iii*) provided:

> (b) The court may impose any or all of the following:
>
>         \*    \*    \*
>
> (*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.[3]
>
> (*iii*) Until 36 months after the date the amendatory act that added subsection (7)[4] is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.
>
> (C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In *Konopka,* the Supreme Court remanded the case to this Court "for consideration of whether the circuit court improperly imposed court costs," in light of the Supreme Court's decision in *Cunningham*, "and if so, whether the circuit court's assessment of $500 in 'court costs' constitutes plain error affecting the defendant's substantial rights." *Konopka (On Remand)*, 309 Mich App at 349. This Court stated as follows:

> [T]he trial court did not establish a factual basis, under the subsequently amended statute, for the $500 in costs imposed [and] without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related

---

[3] Prior to the amendment, MCL 769.1k(1)(b)(*ii*) provided: "(*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a)."

[4] Subsection (7) provides: "Beginning January 1, 2015, the court shall make available to a defendant information about any fine, cost, or assessment imposed under subsection (1), including information about any cost imposed under subsection (1)(b)(*iii*). However, the information is not required to include the calculation of the costs involved in a particular case."

to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at 359-60.

The same is true here. At the original sentencing hearing in August 2008, the trial court imposed $500 in court costs without explanation. Then, at the resentencing hearing, the trial court did not remember what the original costs imposed had been at the initial sentencing but ordered, again without explanation, to "leave those costs as they are." Due to the trial court's lack of explanation and factual basis for the costs imposed, we cannot determine whether the $500 cost was reasonably related to the actual costs incurred by the trial court. Therefore, we remand this case for the trial court to establish a factual basis for the costs imposed and a determination of whether the costs imposed were "reasonably related to the actual costs incurred by the trial court." *Konopka (On Remand)*, 309 Mich App at 350-351.

Affirmed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien